No. 3642.—DAVID URQUHART v. MRS. OCTAVIE BRINGIER THOMAS et al.

24  95
50  1354

In a suit against a married woman, the plaintiff must show affirmatively, before he can recover, that the debt inured to the separate advantage of the wife. This must be shown whether the wife be separate in property from her husband or not.

If it be shown that a running account exists between the drawer of a draft and her commission merchant, then and in such case the drawer is entitled to notice of the dishonor and non-payment by the drawee, and if such notice be not given, then the drawer is not bound to the payee or holder of the bill, although it should be shown that the drawer had no funds in the hands of the drawee at the time it was drawn.

APPEAL from the Fourth Judicial District Court, parish of Ascension. *Beauvais*, J. *Samuel R. & C. L. Walker*, for plaintiff and appellant. *Trist & Oliver*, for defendant and appellee.

WYLY, J. The plaintiff appeals from the judgment rejecting his demand against the defendant, Mrs. Thomas, a married woman, on two drafts for $1000 each. There are several defenses urged, but we deem it necessary only to consider two of them, to wit:

*First*—The debt did not inure to the benefit of the defendant, Mrs. Thomas, who is a married woman and separate in property from her husband.

*Second*—There was no notice of the dishonor of the bills, nor anything equivalent thereto.

It is well settled that in a suit against a married woman, whether separate in property or not, the plaintiff, in order to recover, must

show affirmatively that the debt inured to her separate benefit or advantage. This material fact has not been shown in this case. 5 An. 173; 7 An. 144; 3 L. 74; 5 An. 495; 1 An. 428; 7 N. S. 64.

The obligation of the drawer may become unconditional by showing that due notice of dishonor was given, or by showing that the drawer, having no funds or business transactions with the drawee, had no right to expect the bill to be paid. 11 R. 215; 19 L. 370, and authorities cited.

In this case, although the defendant, Mrs. Thomas, had no funds in the hands of the drawee, it is shown that she had a running account with him as her commission merchant. We think she had a right to expect her drafts to be paid, and therefore ought to have had notice of dishonor, which was not given.

Let the judgment herein be affirmed, with costs.